BRIDGEPORT MFG. CO. v. WILLIAM SCHOLLHORN CO. et al.

(Circuit Court, D. Connecticut.  June 17, 1898.)

PATENTS—LIMITATION OF CLAIMS—PRIOR ART.
    The Broadbrooks patent, No. 329,133, for an improvement in nippers, if valid at all, must, in view of the prior art, be narrowly construed; and it is not infringed by a flat-nosed plier, which is not a cutting nipper, and in which the pivotal portions of the levers are parallel with their sides, and not at right angles to the jaw.

This was a suit in equity by the Bridgeport Manufacturing Company against the William Schollhorn Company, John J. Henderson, and Frank J. Schollhorn for alleged infringement of a patent for an improvement in nippers.

Schrieter, Van Iderstine & Mathews, for complainant.
Robinson & Fisher and John K. Beach, for defendants.

TOWNSEND, District Judge.   The defendant corporation herein was complainant, and the complainant corporation herein was defendant, in Schollhorn v. Manufacturing Co., 84 Fed. 674, in which complainant's patent, No. 427,220, to Bernard, was held to be valid, and infringed by defendant, and an injunction was granted.   In that case, patent No. 329,133, granted to Broadbrooks in 1885, was set up by defendant as an anticipation of complainant's patent, and was purchased by defendant, which has filed this bill, alleging infringement of said patent.   It does not appear that complainant has manufactured, or intends to manufacture, under the patent in suit.   The only

proof of its utility during the 12 years of its life is the sale of 400 tools manufactured thereunder between 1894 and 1897, and prior to its purchase by complainant. The defendant's tool has been on the market since 1890, and it manufactures from 100 dozen to 125 dozen thereof per week, and it never had any notice of claim of infringement until after said purchase by complainant. The patentee of the patent in suit testifies that he would never have known that anybody was infringing, except for the correspondence with the present complainant. The defenses are noninfringement, in view of the limitations stated in the claim, and shown by the file wrapper and by the prior art, and invalidity on various grounds. It will be necessary to consider only the defense of noninfringement.

Fig: 1.    Fig: 2.    Fig: 3.

The single claim, as finally allowed, was as follows:

"The herein-described nippers, consisting of two levers pivoted together, and each provided in their jaw ends with coincident slots or recesses forming side bars, the bars of one lever being lapped between and close to the inner sides of those of the other lever, all arranged substantially as described, whereby a passage is provided through the nippers at right angles to the jaws, and in line approximately midway between the sides thereof, as set forth."

The patent is for a specific construction of an article of manufacture. The prior art showed such a cutting nipper outside, or at the side, of the nipping jaws, and the pivoted recessed levers, as shown in the drawings of the patent in suit, and lapped levers, as covered by the claim. The construction covered by the claim practically amounts to the same thing as the old familiar hand nipper, with a hole bored through it; and such a hole, extending through a vice, was shown in the prior art. The earlier Lewis patent sufficiently illustrates the position of the patent in suit. That the Lewis patent covers every essential feature of the patented nipper appears from a comparison of the specifications, and from the admissions of complainant's expert. Lewis describes the two jaw levers having their upper ends forked as in Broadbrooks'. Broadbooks says:

"The two jaw levers, A and B, have their upper ends forked, the prongs of the lever, B, being passed between the prongs of lever, A, and the prongs are then pivoted together by means of two rivets, C,—one in each pair of prongs.— or by a single rivet, C', passed through all four prongs, as shown in Fig. 3."

This is the Lewis construction, and by means of it in each tool "an opening or recess is formed between the sides of the levers at the pivot or pivots, thus permitting of passing a rivet or wire between the [cutting] edges of the blades, and between the sides of the levers." If the complainant be limited to a narrow construction, the defendants do not infringe; for their flat-nosed plier is not a cutting nipper, and the passage between the pivotal portions of the levers is parallel with the sides of the levers, and not at right angles to the jaw. If complainant be permitted the expanded construction contended for, its patent is void, in view of the prior art. Let the bill be dismissed.